IN THE UNITED STATES DISTRICT FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 1:00CV 00343

| | |
|---|---|
| JEAN WILLIAMS FOSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MARIO JAMES RACANELLI, ) | **MOTION FOR DEFAULT JUDGMENT** |
| and JAMES ) | |
| ANTHONY SAVAGE a/k/a ) | |
| MARIO JAMES RACANELLI, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| vs. ) | |
| ) | |
| JENNIFER CONNETT STACK, ) | |
| ) | |
| Intervenor. ) | |



Now comes the plaintiff, by and through counsel, and moves the Court for an Order establishing the amount of damages owing to the plaintiff by the defendant pursuant to the Order and Judgment dated May 9, 2001. In support of said Motion, plaintiff alleges and says:

1. That this action began with the filing of the Complaint in Forsyth Civil Superior Court on February 9, 2000. That on or about March 20, 2000, plaintiff filed an Amended Complaint adding a Sixth Claim for Relief and other matters relating to plaintiff's original common law fraud claim. That the claims raised against defendant Savage in plaintiff's Complaint as amended include the following:

    (A) Common law fraud;

(B) Breach of Fiduciary Duty/constructive fraud;

(C) State Civil Racketeering claims pursuant to N.C.G.S. 75D-3;

(D) Civil racketeering claims pursuant to 18 U.S.C.S. 1961 et seq.

(E) A request that the Court impress a constructive trust on property acquired by Savage through his fraud and to provide an accounting of the assets acquired with the property obtained by Savage from Foster and to identify property presently held by defendant or his nominees; and

(F) For punitive damage claims;

2. That on or about May 9, 2001, an Order and Judgment was entered in the above referenced matter by the Honorable Frank W. Bullock, Jr. which Judgment struck the answer to plaintiff's complaint filed by defendant Savage and entered Judgment on all claims raised in plaintiff's complaint in an amount to be determined.

3. That, in the matter of United States of America v. James Anthony Savage, 1:01CR362-1, the Court entered an order forfeiting certain properties of the defendant to the United States of America after having found the defendant guilty of mail fraud, wire fraud, interstate transportation of stolen property, substantive money laundering, and conspiracy to launder money. In an Order dated June 11, 2003, a copy of which is attached hereto as Exhibit "A", The Honorable William L. Osteen

determined that the plaintiff should receive $5,617,565.15 as restitution from the defendant.

4. That, pursuant to N.C.G.S. 75D-8(e), a final conviction in a criminal proceeding for charges brought under Chapter 75D of the North Carolina General Statutes estops the defendant from challenging any matter proved in the criminal proceeding.

5. That, due to the final conviction of the defendant in the criminal action <u>United States of America v. James Anthony Savage</u>, 1:01CR362-1, and to the fact that plaintiff brought claims under N.C.G.S. 75D in the current proceeding, defendant is estopped from challenging the amount awarded to plaintiff as restitution as determined in the defendant's criminal Judgment as the measure of damages suffered by plaintiff in this subsequent civil proceeding arising out of the same factual basis giving rise to plaintiff's claims in this proceeding.

6. That the plaintiff has received certain sums from the defendant and related individuals in the course of civil racketeering cases and by way of settlement. To date, the plaintiff has received the following sums:
   (A) $787,910.80 from the sale of the real property at 7309 Pine Needle Road, Sarasota, Florida, having received a deed to said property as part of a settlement with Nathalie Handsman as a result of a settlement of the civil forfeiture proceedings

entitled <u>U.S. vs. 7309 Pine Needle Road</u>, 1:01CV00127;

(B) $482,120.48 from the proceeds of two civil forfeitures entitled <u>U.S. vs. Ultra "Humdinger" Custom Golf Cart, et al</u>, 1:01CV00244 and <u>U.S. vs. 2001 LEXUS LX 470, et al</u>, 1:01CV00908.

(C) $8,573.82 from assets of the defendant collected outside the forfeiture proceedings; and

(D) $71,199,25 as an additional settlement amount from Margaret Natalie Handsman in the present action;

7. Plaintiff hereby elects the remedy of treble damages under the state racketeering statute rather than an award of punitive damages for her common law fraud as required by N.C.G.S. 1D-20.

WHEREFORE plaintiff respectfully requests the Court to enter a Judgment as follows:

1. Awarding compensatory damages to the plaintiff in the sum of $5,617,565.15, less sums already received by the plaintiff. That said damages be trebled pursuant to 18 U.S.C. 1964(c) and N.C.G.S. 75D-8(c);

2. For such other and further relief as the Court may deem just and proper.

This the 12th day of Dec, 2003.

WHITE AND CRUMPLER
Attorneys for Plaintiff

By: _____
Dudley A. Witt
301 North Main Street, Suite 1100
Winston-Salem, NC 27101
State Bar #: 11155
(336) 725-1304

IN THE UNITED STATES DISTRICT FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 1:00CV 00343

| | |
|---|---|
| JEAN WILLIAMS FOSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MARIO JAMES RACANELLI, ) | **CERTIFICATE OF SERVICE** |
| and JAMES ) | |
| ANTHONY SAVAGE a/k/a ) | |
| MARIO JAMES RACANELLI, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| vs. ) | |
| ) | |
| JENNIFER CONNETT STACK, ) | |
| ) | |
| Intervenor. ) | |

The undersigned hereby certifies that he is an attorney at law licensed to practice in the State of North Carolina, is attorney for the plaintiff and is a person of such age and discretion as to be competent to serve process.

That on the 12th day of December, 2003, he served a copy of a **MOTION FOR DEFAULT JUDGMENT** by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and its contents in the United States Mail at Winston-Salem, North Carolina.

ADDRESSEE:   James Anthony Savage
             Gilmer Federal Correctional Institute
             PO Box 5000
             Glenville, WV 26351

                              WHITE AND CRUMPLER
                              Attorneys for Plaintiff

                              By: _____
                                  Dudley A. Witt
                                  301 North Main Street, Suite 1100
                                  Winston-Salem, NC 27101
                                  State Bar #: 11155
                                  (336) 725-1304

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES ANTHONY SAVAGE, | ) | 1:01CR362-01 |
| also known as Mario J. | ) | |
| Racanelli, John Racanelli, Mark | ) | |
| Racanelli, Grandoni Egistot, | ) | |
| Egisto Grandoni, Robert Toliano, | ) | |
| M. John Delano, Greg Eric | ) | |
| Masonotti, and Max Marrache | ) | |

## O R D E R

On June 20, 2002, the Defendant, James Anthony Savage, was sentenced by this court as a result of a jury verdict of guilty as to 32 counts in a superseding indictment charging mail fraud, wire fraud, interstate transportation of stolen property, substantive money laundering, and conspiracy to launder money.

As a part of the indictment, the Government sought forfeiture of various properties which the Defendant had accumulated during the alleged and proven criminal activity. At sentencing, the Defendant consented to the forfeiture and the court made a determination of the parties entitled to restitution together with the amount of restitution. See Judgment, Doc. No. 80, 1:01CR362-1. The court reserved the determination of how restitution would be made until after interested parties were given additional time to confer and respond.

On July 18, 2002, a hearing was held to determine an appropriate participation in restitution. At the hearing and by filings in support of their positions, all but two parties favored paying claimants of less than $15,000.00 in full from the first funds available. The court finds that such payment is appropriate and fair.

The Government recommended that the remaining claimants, after disposal of those less than $15,000.00, should share equally on their pro rata net loss. That is, any amount recovered by claimants outside the restitution order would not be considered in determining the participation in the remaining restitution. Quite obviously, Jean Foster and Jennifer C. Stack, who had previously pursued and found other sources of loss recapture, agreed with the Government.

There were two victims, Geri C. Black and Marcye T. Shayer, who urged the court to adopt an alternative plan, which the court will designate as a plan to allow all major victims to recover a pro rata equal amount based upon gross loss. By this method, those who had pursued other means of recapture and have been partially successful, would receive no more restitution until those who have not successfully pursued other alternatives have been paid pro rata recoveries similar to the Foster and Stack self-help recoveries outside of forfeiture recoveries.

The court finds that the actions taken by Foster and then joined by Stack were appropriate. They were awarded recoveries in this court through an ongoing civil proceeding, <u>Foster v. Racanelli</u>, 1:00CV00343, (MDNC). The Honorable Frank W. Bullock, Jr., presided over that proceeding. The fact that some parties have engaged in self help and gained some advantage is not to be condemned in the absence of improper conduct. Further, even at this juncture, no one knows for sure whether other civil actions will be instituted by any of the claimants and it may be that some claimants will be able to trace other assets which would not be shared with all.

Restitution should be made to the claimants based on their net losses subject only to the payment in full of losses of less than $15,000.00 each.

IT IS ORDERED that restitution shall be paid as hereinafter set forth.

1. Out of the first assets received up to $26,400.00, the following claimants shall be paid:

|  |  |  |
|---|---:|---:|
| Jule B. White | $ 5,000.00 | 18.94% |
| Ellen Shlom | 4,700.00 | 17.80% |
| Ross Baron | 3,200.00 | 12.12% |
| Connie Steinberg | <u>13,500.00</u> | <u>51.14%</u> |
| TOTAL | $26,400.00 | 100.00% |

3

Case 1:00-cv-00343   Document 97   Filed 12/16/03   Page 10 of 11

2. Out of the remaining forfeited assets above $26,400.00, each of the named claimants shall receive a pro rata percentage up to the extent of the claims set forth:

| | | |
|---|---|---|
| Jean Foster | $5,617,565.15 | 72.54% |
| Geri C. Black | 900,000.00 | 11.62% |
| Jennifer C. Stack | 586,086.00 | 7.57% |
| Marcye T. Shayer | 360,000.00 | 4.65% |
| Glen L. & Sheri Huminski | 205,000.00 | 2.65% |
| Glenn D. Witt | 75,000.00 | 0.97% |
| TOTAL | $7,770,051.15 | 100.00% |

IT IS FURTHER ORDERED that any remaining amount after satisfaction of the claims set forth above shall be paid to and become the property of the Treasury of the United States.

This the _11_ day of _June_ 2003.

_____
United States District Judge